IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LENORA KELTON, ) | CASE NO.  1:12 CV 511 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| CLEVELAND CLINIC FOUNDATION, *et al.*, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Motion to Remand. (ECF #5).  For the reasons that follow, Plaintiff's Motion to Remand is denied.

**PROCEDURAL BACKGROUND**

Plaintiff Lenora Kelton, brought this action against her employer Cleveland Clinic Foundation and Theresa Piccirillo, an employee of the Department of Compensation, Disability Plans Office, for the Cleveland Clinic Foundation in the Court of Common Pleas for Cuyahoga County, Ohio.  In her Complaint, Plaintiff asserts two causes of action.  In Count One Plaintiff avers that "the denial of long-term disability and employee benefits was wrongful and in direct violation of R.C. 4123.90 and was in retaliation for Plaintiff having filed and pursued an Ohio Workers' Compensation Claim."  (Complaint, ¶ 9) In Count Two Plaintiff alleges that the "wrongful acts of Defendants in denying her the opportunity to apply for long-term disability and/or employee benefits because she filed and pursued an Ohio Workers' Compensation claim, creates a common law cause of action for wrongful retaliation." (Complaint, ¶ 14).

Defendants removed this action to this Court on March 1, 1012, asserting that this Court

has original jurisdiction over civil actions founded on a claim or right arising under the laws of the United States. 28 U.S.C. § 1441(b). Defendants assert that Plaintiff's purported state law claims are really a claim for denial of long-term disability benefits under an ERISA qualified plan and that her exclusive remedy is to assert a claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Thus, Defendants contend that Plaintiff's state law claims are completely preempted by ERISA; that federal district courts have jurisdiction over such claims, accordingly removal is appropriate in this instance. See 28 U.S.C. § 1441(b).

On March 12, 2012, Defendants filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). On April 10, 2012, Plaintiff filed a Motion to Remand (ECF #5) and a Motion to Stay Defendant's Motion to Dismiss until the Court has ruled on Plaintiff's Motion to Remand. (ECF #6) Recognizing that subject matter jurisdiction is a proper determination for this Court and that a federal court lacks authority to hear a case without subject matter jurisdiction, Defendants have no objection to the Court holding in abeyance its decision with respect to Defendants' Motion to Dismiss until Plaintiff's Motion to Remand has been decided. (ECF #7) Plaintiff's Motion to Remand is fully briefed and ready for decision.

## DISCUSSION

Federal courts have limited jurisdiction and may only exercise that power prescribed to them by the Constitution of the United States Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of America.*, 511 U.S. 375, 377 (1994). Cases which have originally been filed in state court may be removed to a federal district court pursuant to 28 U.S.C. § 1441(a) only if the district court has original jurisdiction over the matter. Removal is appropriate when a civil

action is founded on a claim or right arising under a federal law. 28 U.S.C. § 1441(b); *see also*, 28 U.S.C. § 1331. A defendant's decision to raise a defense rooted in federal law does not convert an otherwise state law action to a federal action. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 24425, 2430 (1987). A defendant seeking to remove an action from state court has the burden of demonstrating that the federal court has subject matter jurisdiction. *See Danca v. Private Health Care Systems, Inc.*, 185 F.3d 1,4 (1st Cir. 1999).

Generally the plaintiff is the master of his own complaint and under the "well pleaded complaint" rule, removal under 28 U.S.C. § 1441(b) is appropriate only if a federal question appears on the face of the complaint. *See, e,g., Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). However, a plaintiff may not defeat federal jurisdiction by simply omitting to plead necessary federal questions. *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998). The Supreme Court has recognized an exception to the well pleaded complaint rule that provides federal jurisdiction when the complaint, on its face, alleges only state law claims but when those claims would also state a cause of action under a federal statute that "completely preempts" an area of state law. *See Peters v. Lincoln Electric*, 258 F.3d 456, 469 n.11 (6th Cir. 2002), *citing Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). "'Complete preemption' applies only in the extraordinary circumstances when Congress intends, not merely to preempt a certain amount of state law, but also to transfer jurisdiction to decide the preemption issue from state to federal court." *Id., citing Metropolitan Life Ins. Co.*, 481 U.S. at 65-66. In such a "complete preemption" area, the complaint may be removed to federal court and will be treated as alleging a federal cause of action, notwithstanding that on its face, the plaintiff's complaint alleges only a state law cause of action. *Peters*, 258 F.3d at 468-69. The Supreme Court has

determined that the "complete preemption exception" to the "well-pleaded complaint rule" applies to claims arising under ERISA. *Metropolitan Life Ins. Co.*, 481 U.S. at 64-67.

The Sixth Circuit has clarified that in order to come within the complete preemption exception a court must conclude that the common law or statutory claim under state law should be characterized as a superseding ERISA action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," as provided in § 1132(a)(1)(B). *Peters*, 258 F.3d at 469 n.11; Wright *v. General Motors Corp.,* 262 F.3d 610 (6th Cir.2001); *Warner v. Ford Motor Co.,* 46 F.3d 531, 533-534 (6th Cir. 1995).

Defendant asserts that the basis for Plaintiff's state law claims is her allegation that the "denial of long-term disability and employee benefits was wrongful and in direct violation of Ohio Revised Code 4123.90 and was in retaliation for the Plaintiff having filed and pursued an Ohio Workers' Compensation Claim." (Complaint, ¶ 9) The right to receive long-term disability benefits under an ERISA plan, such as the plan at issue, is a right governed solely by ERISA, and redress for the denial of such benefits must be sought under ERISA § 502(a)(1)(B). 29 U.S.C. § 1132(a)(1)(B). In the Complaint Plaintiff also alleges that she applied for long-term disability shortly after her short-term disability ended in March of 2011. (Complaint, ¶¶ 6-7) Some months later on or about July 21, 2011, Plaintiff avers that Defendant Ms. Piccirillo informed her that she could not file for long-term disability unless she waived her workers' compensation claim and rights under R.C. 4123.90. (Complaint, ¶8) Thus, Plaintiff contends that her claim is not for denial of long-term disability which would be preempted by ERISA. Rather, her claim is that Defendant retaliated against her for pursuing a workers' compensation claim by

4

wrongfully denying her the opportunity to pursue an employee benefit. Plaintiff asserts that determining the merits of her claim only requires interpretation of R.C. 4123.90 and Ohio law, not ERISA or Defendant's long-term disability plan.

Defendants refute Plaintiff's claim that she was denied the opportunity to apply for long-term disability benefits. Defendants submit the Declaration of Theresa Piccirillo which states that Plaintiff did in fact apply for long-term disability benefits on February 24, 2011, and that Defendant gave her the necessary paperwork and instructions to apply. (Piccirillo Decl. ¶¶3-4) Defendant asserts that Plaintiff's application for long-term disability was denied because Plaintiff indicated in her application that her condition was work-related and the subject of a pending workers' compensation claim. "She is not entitled to 'double dip' by collecting LTD benefits while also pursuing workers' compensation benefits." (ECF #8 at p.2)

It is well settled that "[i]t is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Peters*, 285 F.3d at 469. In this case, Plaintiff is claiming that she was wrongfully denied the opportunity to receive long-term benefits or other employee benefits, which are part of an ERISA plan because she had a pending workers' compensation claim. She asserts that this action violated R.C. 4123 which provides in relevant part that "no employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act...." Whether Plaintiff calls it a "lost opportunity" to earn long-term disability or other unnamed employee benefits, or a denial of long-term benefits, the alleged harm is the same–the denial of ERISA benefits. In either instance, whether Plaintiff's application for long-term

5

benefits was denied or rejected by Defendants for any reason squarely implicates ERISA, 29 U.S.C. § 1132(a)(1)(B). As such, Plaintiff's state law claims are clearly preempted and removal was proper.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (ECF #5) is denied. Plaintiff's request for leave to amend her complaint if her Motion to Remand is denied is granted. Plaintiff may file an amended complaint by June 15, 2012. Plaintiff's Motion to Stay Defendants' Motion to Dismiss (ECF #7) is granted through June 15, 2012.

IT IS SO ORDERED.


                                          /s/Donald C. Nugent
                                          DONALD C. NUGENT
                                          UNITED STATES DISTRICT JUDGE

DATED: May 25, 2012